## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DARRELL BRODRICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 22-CV-271-TCK-SH** |
| **WASHINGTON COUNTY BOARD OF** | ) | |
| **COUNTY COMMISSIONERS;** | ) | |
| | ) | |
| **SHEPPARD FULLER; and** | ) | |
| | ) | |
| **ROBERT DOYE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION AND ORDER

Before the Court is a Motion to Dismiss and Brief in Support pursuant to Fed. R. Civ. P.
12(b)(6), filed by Defendants Washington County Board of County Commissioners (Board) and
Sheppard Fuller (Fuller, collectively Defendants). (Doc. 4). Plaintiff Darrell Brodrick (Plaintiff)
filed a Response in opposition (Doc. 11), and Defendants filed a Reply. (Doc. 12).

### I. BACKGROUND

This case arises out of the search, seizure, arrest, and prosecution of Plaintiff. The
Complaint alleges that, on August 27, 2020, Fuller, a sergeant in the Washington County Sheriff's
Office, illegally searched Plaintiff's residence and discovered Plaintiff's firearms. (Docs. 11 at 1;
2-2 at ¶¶ 10-24). Erroneously believing that a five-year deferred sentence from 2011 constituted a
felony conviction, Fuller sought and obtained a search warrant of Plaintiff's residence. (Doc. 2-2
at ¶ 36). On September 2, 2020, Fuller executed the search warrant and seized 18 firearms and
multiple rounds of live ammunition from Plaintiff's residence. (*Id.* at ¶ 37). Plaintiff was arrested
for possession of a firearm after a felony conviction, and Plaintiff was held in custody for 23 days.

(*Id.* at ¶¶ 38, 61). It was later determined that Plaintiff's previous deferred sentence did not constitute a felony conviction, and the prosecuting attorney dismissed the charges without costs to Plaintiff. (*Id.* at ¶ 57).

Plaintiff filed suit against Defendants in the District Court of Washington County, Oklahoma, asserting claims against Defendants under various theories of liability. Two of Plaintiff's claims are of particular relevance, namely: (1) Plaintiff's § 1984 claim against the Board and Fuller for violation of his right to lawfully carry firearms under the Second Amendment of the United States Constitution; and (2) Plaintiff's claim against the Board for negligent training, supervising, and discipline under the Oklahoma Government Tort Claims Act (GTCA). (*Id.* at ¶¶ 99-104, 120).

Defendants removed the case to this Court pursuant to 28 U.S.C. § 1331, (Doc. 2), and thereafter, Defendants Fuller and the Board filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 4). Broadly speaking, Fuller and the Board advance two challenges to Plaintiff's complaint. First, they assert that the seizure of specific firearms pursuant to a facially valid warrant does not implicate the Second Amendment of the United States Constitution, and consequently, Plaintiff's Second Amendment claims against the Board and Fuller must be dismissed. (*Id.* at 3-5, 6-10). Second, the Board argues that it is immune from state-law tort liability for negligent training, supervision, and discipline because those are discretionary functions within the ambit of Okla. Stat. tit. 51, § 155(5) of the Oklahoma GTCA. (*Id.* at 5-6).

## II. LEGAL STANDARDS

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am., Inc. v. NBC*

*Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (internal citations omitted). A complaint is legally sufficient only if it contains factual allegations such that it states a claim to relief that "is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted) (alteration original). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

## III. DISCUSSION

### A. Second Amendment Claim against the Board and Fuller

Plaintiff alleges that "Defendants deprived Plaintiff of his 'right to keep and bear arms' by unlawfully searching his home, fraudulently obtaining a search warrant, and seizing his firearms without probable cause to do so." (*Id.* at ¶ 102). To that end, Plaintiff contends that the seizure of firearms "without justification or provocation," was in violation of the Second Amendment of the United States Constitution. (*Id.* at ¶ 101).

Although the Second Amendment guarantees an individual right, it is "not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). In this case, Plaintiff's

firearms were seized pursuant to a facially valid search warrant specifically related to his possession of the firearms. The Court is not prepared to pronounce a rendering of the Second Amendment so broad such that officers are not able to execute facially valid warrants related to firearms without fear of incurring Second Amendment liability under § 1984. To the extent that the Complaint contains any cognizable claim related to the seizure of Plaintiff's firearms, it is with respect to the propriety of the investigation and procurement of the warrant—which Plaintiff incorporates in his Fourth Amendment claims, (Doc. 2-2 at ¶¶ 74-97).

Moreover, courts have generally held that the Second Amendment is not implicated by the seizure of specific firearms. *Aikens v. Bond*, 2021 WL 5051134, at *4 (D. Del. Nov. 1, 2021); *Fairbanks v. O'Hagan*, 255 F. Supp. 3d 239, 245 (D. Mass. 2017); *Hopkins v. Claroni*, 2015 WL 2371654, at *7 (D. Me. May 18, 2015). Given that the Complaint is devoid of any allegation that Defendants prevented Plaintiff from acquiring new firearms, Plaintiff has failed to plead a cognizable violation of his Second Amendment right to bear arms.

Because Plaintiff has failed to plead a cognizable violation of his Second Amendment right to bear arms, Defendants' Motion to Dismiss Plaintiff's Second Amendment claim is **GRANTED**, and Plaintiff's Second Amendment claim is dismissed for failure to state a claim upon which relief may be granted.[1]

---

[1] Defendant Fuller also challenged Plaintiff's Second Amendment claim based on qualified immunity. However, because the Court has found that Plaintiff failed to allege a violation of his Second Amendment right to bear arms, the Court need not proceed further with the qualified immunity analysis. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

**B. GTCA Claim against the Board**

Plaintiff also alleges that the Washington County Sheriff Office's "failure to train, supervise or discipline" Fuller directly and proximately resulted in the deprivation of Plaintiff's constitutional rights. (Doc. 2-2 at ¶¶ 120-21). From this, Plaintiff asserts a claim against the Board pursuant to the Oklahoma GTCA for its failure to train, direct, supervise, and control Fuller's actions so as to prevent the alleged violations of Plaintiff's constitutional rights. (*Id.*) The Board moves to dismiss Plaintiff's GTCA claim against it based on immunity for discretionary functions under § 155(5) of the Oklahoma GTCA. (Doc. 4 at 5-6). Discerning whether alleged conduct is discretionary or ministerial for purposes of GTCA immunity "can be difficult." *J.W. v. Indep. Sch. Dist. No. 10 of Dewey Cnty.*, 2021 OK CIV APP 34, ¶ 66, 500 P.3d 649, 664 (quoting *Johnson v. Independent School District No. 89 of Oklahoma County*, 2016 WL 1270266, *8 (W.D. Okla., March 31, 2016). Given the fact-intensive nature of the inquiry, the Court finds that the Board's GTCA challenge is premature and should be decided "based on a complete factual record." *D.G. by & Through Bradley v. Westville Pub. Sch. Dist. No. I-11 of Adair Cnty.*, 2018 WL 4323917, at *3 (E.D. Okla. Sept. 10, 2018). Accordingly, the Washington County Board of County Commissioners' Motion to Dismiss Plaintiff Oklahoma GTCA claim is **DENIED** without prejudice to reraising in a motion for summary judgment after the completion of discovery.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss brought by Defendants Washington County Board of County Commissioners and Sheppard Fuller (Doc. 4) is **GRANTED** in part and **DENIED** in part. Specifically, the Motion to Dismiss granted with respect to Plaintiff's Second Amendment claim against the Washington County Board of County Commissioners and Sheppard Fuller. The Motion to Dismiss Plaintiff's Oklahoma GTCA claim against the

Washington County Board of County Commissioners is denied without prejudice to reraising on summary judgment after the completion of discovery.

**SO ORDERED** this 5th day of January, 2023.

TERENCE C. KERN
United States District Judge